UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSE GONZALEZ, *Plaintiff,* | § § § | |
| v. | § § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE; BOBBY LUMPKIN; WARDEN JAMES BOWMAN; OFFICER RICKY MINTON; AND OFFICER FNU COUSINS, *Defendants.* | § § § § § § § § | Civil Action No. 6:21-CV-00351 |

**DEFENDANTS TDCJ, LUMPKIN, BOWMAN, MINTON, AND COUSINS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Defendants, the Texas Department of Criminal Justice, Bobby Lumpkin, Warden James Bowman, Officer Ricky Minton, and Officer FNU Cousins (collectively, "Defendants"), through the Office of the Attorney General of Texas, file this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) on two grounds. First, to the extent Plaintiff Jose Gonzalez ("Gonzalez") sues Defendants Lumpkin, Bowman, Minton, and Cousins in their official capacities, they are entitled to Eleventh Amendment immunity. Second, Gonzalez's state law claim against the Texas Department of Criminal Justice ("TDCJ") should be dismissed because Defendant TDCJ has not waived sovereign immunity in federal court for a claim asserted against it under the Texas Tort Claims Act and is, therefore, entitled to Eleventh Amendment immunity.

**I.**

**STATEMENT OF THE CASE**

Gonzalez was an inmate formerly confined at TDCJ's Powledge Unit. Gonzalez initially filed this 42 U.S.C. § 1983 lawsuit in the Southern District of Texas on August 24, 2021, against

Defendants.[1] *See generally* ECF No. 1. Judge Ellison of the Southern District entered a memorandum opinion and order transferring this case to the Eastern District of Texas. *See* ECF No. 6. In his Original Complaint, Gonzalez's first cause of action arises under Section 101.021(1) and (2) of the Texas Tort Claims Act and stems from a personal injury allegation in which Gonzalez claims that Defendants are liable for injuries that he sustained when working near an "auger" in the metal fabrication plant of the Powledge Unit. ECF No. 1 at 10. Gonzalez also alleges that Defendants violated his rights under the Eighth Amendment when the "auger" presented a dangerous condition of confinement and Defendants acted with deliberate indifference to the risk associated with the operation of the "auger." ECF No. 1 at 11–12. Gonzalez seeks relief in the form of compensatory and punitive damages.

## II.

## STATEMENT OF FACTS

According to Gonzalez's complaint, Gonzalez was assigned to clean the metal fabrication plant at the Powledge Unit on October 14, 2019, with the plant containing an "auger retrieval system" that was built into the floor with an exposed, spinning screw used to direct debris toward a conveyor for disposal. ECF No. 1 at 5, 8. While cleaning the area surrounding the "auger retrieval system," Gonzalez caught his foot in the auger, which then pulled his left leg into the system and injured his leg. ECF No. 1 at 8–9. Gonzalez was transported to an outside hospital, and his leg was amputated below the knee on October 22, 2019. ECF No. 1 at 9.

---

[1] It is unclear in what capacity Gonzalez sues Defendants apart from Defendant Bowman, who is sued in his individual capacity. ECF No. 1 at 2. All other defendants listed in the first section of Gonzalez's complaint, save TDCJ, refer to Defendant Bowman when discussing the capacity in which they are sued. *See* ECF No. 1 at 1 and 2 (naming as defendants Bobby Lumpkin, Ricky Minton, and Officer Cousins, but referring to Defendant Bowman when discussing the capacity in which each is sued).

### III.

### MOTION TO DISMISS

A. **Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)**

A party may move to dismiss under Federal Rule of Civil Procedure 12(b)(1) when it seeks to challenge the subject matter jurisdiction of a district court in a case. FED. R. CIV. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The burden of proof for a Rule 12(b)(1) motion is always borne by the party claiming jurisdiction. *Id.*

It is unclear in what capacity Gonzalez sues Defendants Lumpkin, Bowman, Minton, and Cousins. *See supra* note 1. To the extent that Gonzalez sues Defendants Lumpkin, Bowman, Minton, and Cousins in their official capacities as state officials, Defendants are entitled to Eleventh Amendment immunity, and Gonzalez's claims against them should be dismissed for lack of subject matter jurisdiction. Additionally, because Gonzalez's claim under the Texas Tort Claims Act is barred by the Eleventh Amendment, this Court does not have subject matter jurisdiction over Gonzalez's state law claim.

> 1. **Defendants Lumpkin, Bowman, Minton, and Cousins are immune from a suit for monetary damages under the Eleventh Amendment.**

To the extent Gonzalez sues Defendants Lumpkin, Bowman, Minton, and Cousins in their official capacities for monetary damages, Defendants Lumpkin, Bowman, Minton, and Cousins are entitled to Eleventh Amendment immunity. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const.

amend. XI. This restriction applies to any suit brought by an individual to which the State has not consented. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (citing *Hans v. Louisiana*, 134 U.S. 1, 13 (1890)). Notably, if a suit is brought against a state official in his official capacity, the suit is effectively against the State, and a federal court hearing the suit cannot award monetary damages against that state official. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (determining that the suit "is no different from a suit against the State itself"); *Houston v. Zeller*, 91 Fed. App'x 956, 957 (5th Cir. 2004) ("[A] state official sued in his or her official capacity is not a 'person' who can be sued for purposes of liability under § 1983").

It is unclear whether Gonzalez sues Defendants Lumpkin, Bowman, Minton, and Cousins in their official capacities.[2] To the extent that Gonzalez has sued Defendants Lumpkin, Bowman, Minton, and Cousins in their official capacities as state employees, Defendants Lumpkin, Bowman, Minton, and Cousins are entitled to Eleventh Amendment immunity. Therefore, this Court should dismiss Gonzalez's official capacity claims against Defendants Lumpkin, Bowman, Minton, and Cousins.

### 2. Gonzalez's state law claim against Defendant TDCJ is barred under the Eleventh Amendment.

Because Gonzalez is barred from bringing his claim under the Texas Tort Claims Act in federal court against Defendant TDCJ, this Court does not have subject matter jurisdiction over that claim, and it should be dismissed. Pursuant to the Texas Tort Claims Act, "[a] suit under this chapter shall be brought in state court in the county in which the cause of action arose or a part of the cause of action arises." TEX. CIV. PRAC. & REM. CODE § 101.102(a). "A state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts." *Welch v. Department of Highways and Public Transportation*, 483 U.S. 468, 473–74 (1987). In fact, "an

---

[2] *See supra* note 1.

4

unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 280 (1973); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that 42 U.S.C. § 1983 does not override States' Eleventh Amendment immunity).

The doctrine of pendent—or supplemental—jurisdiction, similarly, does not abrogate a State's Eleventh Amendment immunity from suit in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("In sum, contrary to the view implicit [in other cases], neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). In *Raygor v. Regents of the University of Minnesota*, the Supreme Court evaluated the boundary of supplemental jurisdiction under 28 U.S.C. § 1367(a) and concluded that "we cannot read § 1367(a) to authorize district courts to exercise jurisdiction over claims against nonconsenting States, even though nothing in the statute expressly excludes such claims. Thus . . . we hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants." 534 U.S. 533, 541–422 (2002).

"In deciding whether a state has waived its constitutional protection under the Eleventh Amendment, [the Court] will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (internal quotation marks and citations omitted). In applying that standard, the Fifth Circuit has found "that the [Texas Tort Claims Act] waives sovereign immunity in state court only. This is the only reasonable construction of the statute. The Act clearly does not waive Eleventh Amendment immunity to suit in federal courts." *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996) (holding that an inmate-plaintiff's claim under the Texas Tort Claims Act was barred by sovereign immunity in a suit where the inmate-plaintiff asserted a deliberate indifference claim under the Eighth Amendment and a state law claim under the Texas Tort Claims Act); *Corn v. Mississippi Department of Public Safety*, 954 F.3d 268, 274 (5th Cir. 2020) (holding

that the plaintiff's claim under the Mississippi Tort Claims Act against the Mississippi Department of Public Safety was barred by the Eleventh Amendment because the Mississippi Department of Public Safety was entitled to sovereign immunity); *Roberson v. McShan*, No. 05-20055, slip op. at 1 (5th Cir. Oct. 20, 2005) ("Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a)."); *Ripley v. University of Texas Health Science Center at San Antonio*, 400 F. Supp. 2d 933, 938 (W.D. Tex. 2005) ("despite the numerous decisions from this Court's brethren asserting jurisdiction over Texas Tort Claims Act claims pendent to claims properly before them, this Court finds that the Texas statute does not waive state immunity to suit in federal court").

Much like the plaintiff in *Sherwinksi*, Gonzalez filed a lawsuit asserting an Eighth Amendment deliberate indifference claim against Defendants Lumpkin, Bowman, Minton, and Cousins, and a claim under Section 101.021 of the Texas Tort Claims Act against Defendant TDCJ. ECF No. 1 at 10–12. Gonzalez stated in his Original Complaint that the "Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367 as the claims are based upon the same case or controversy." ECF No. 1 at 3. However, Defendant TDCJ has not waived sovereign immunity to claims brought against it in federal court under the Texas Tort Claims Act. As the Fifth Circuit in *Sherwinski* found, the Texas Tort Claims Act "clearly does not waive Eleventh Amendment immunity to suit in federal court," regardless of whether a plaintiff also asserts a separate claim to which a federal court has original jurisdiction. *Sherwinski*, 98 F.3d at 852. Because Defendant TDCJ has not waived sovereign immunity for claims brought pursuant to the Texas Tort Claims Act, this Court does not have subject matter jurisdiction over Gonzalez's state law claim. This Court must, therefore, dismiss Gonzalez's Section 101.021 claim against Defendant TDCJ.

## IV.

## CONCLUSION

For the reasons stated, to the extent that Gonzalez has asserted a claim against Defendants Lumpkin, Bowman, Minton, and Cousins in their official capacities for monetary damages, Defendants respectfully request that this Court dismiss those claims, as Defendants Lumpkin, Bowman, Minton, and Cousins are entitled to Eleventh Amendment immunity. Defendants also respectfully request that this Court dismiss Gonzalez's Section 101.021 tort claim against Defendant TDCJ because it is entitled to Eleventh Amendment immunity.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief, Law Enforcement Defense Division

*/s/ Evan W. Weltge*
**EVAN W. WELTGE**
Assistant Attorney General
Texas State Bar No. 24110523
evan.weltge@oag.texas.gov

**CHRISTIN COBE VASQUEZ**
Assistant Attorney General
Law Enforcement Defense Division
Texas State Bar No. 24074047
christin.vasquez@oag.texas.gov

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL

P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080 / Fax (512) 370-9323

**ATTORNEYS FOR DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **EVAN W. WELTGE**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a correct copy of the foregoing **Defendant TDCJ, Lumpkin, Bowman, Minton, and Cousins' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)** in accordance with the Electronic Case Files System of the Eastern District of Texas on September 20, 2021.

/s/ *Evan W. Weltge*
**EVAN W. WELTGE**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **EVAN W. WELTGE**, Assistant Attorney General of Texas, certify that a copy of **Defendant TDCJ, Lumpkin, Bowman, Minton, and Cousins' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)** has been served on September 20, 2021, by email addressed to Plaintiff's Counsel at the address listed below:

Jeff Edwards
Edwards Law
1101 East 11th Street
Austin, TX 78702
jeff@edwards-law.com
**Counsel for Plaintiff**

/s/ *Evan W. Weltge*
EVAN W. WELTGE
Assistant Attorney General

8