UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSE GONZALEZ,<br>   *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§<br>§ | |
| BOBBY LUMPKIN; WARDEN JAMES<br>BOWMAN; RICHARD MINTON;<br>ROBERT COUSINS; CHRISTOPHER<br>JAYNES; CECIL HASTINGS; and<br>OFFICER PATRICK SHUMATE,<br>   *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 6:21-CV-00351 |

## DEFENDANTS' ANSWER AND JURY DEMAND IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Bobby Lumpkin, Warden James Bowman, Richard Minton, Robert Cousins, Christopher Jaynes, and Patrick Shumate (collectively "Defendants"), through the Office of the Attorney General of Texas, file this Answer and Jury Demand in response to Plaintiff's Amended Complaint.

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b) and for the express purpose of requiring Plaintiff Jose Gonzalez ("Plaintiff") to meet his burden of proof in this suit, Defendants deny every allegation contained in Plaintiff's Amended Complaint, ECF No. 18, except those expressly admitted herein.

## SPECIFIC ADMISSIONS AND DENIALS

### A.  Parties

1.  Defendants are without sufficient information or knowledge to admit or deny that Plaintiff resides in Tarrant County, Texas. Defendants admit that Plaintiff was released to parole in January 2020.

2.  Defendants admit that Bobby Lumpkin was the Texas Department of Criminal

Justice's ("TDCJ") Division Director of Manufacturing and Logistics in 2019. Defendants admit that Mr. Lumpkin was acting under color of state law but deny that he was an executive official of TDCJ.

3.      Defendants admit that Bowman is the Senior Warden at TDCJ's Powledge Unit. Defendants admit that, at all times relevant to Plaintiff's allegations, Bowman was acting under color of state law. Defendants admit that Plaintiff sues Bowman in his individual capacity for compensatory and punitive damages.

4.      Defendants do not have sufficient information or knowledge to admit or deny that Minton was the metal fabrication plant manager and supervised officers and inmates working in the metal fabrication plant.

5.      Defendants do not have sufficient information or knowledge to admit or deny that Cousins was the metal fabrication director and supervised the officers and inmates working in the metal fabrication plant.

6.      Defendants do not have sufficient information or knowledge to admit or deny that Jaynes is a TDCJ official that was supervisor of sand blasting and metal forming in the metal fabrication plant of the Powledge Unit.

7.      Defendants do not have sufficient information or knowledge to admit or deny that Hastings is a TDCJ official that was an assistant metal fabrication plant manager, second in command overseeing the entire department.

8.      Defendants do not have sufficient information or knowledge to admit or deny that Shumate is a TDCJ officer that oversaw safety and security in the Powledge Unit metal fabrication plant.

### B.  Jurisdiction and Venue

9.      Defendants admit that this Court has jurisdiction over Plaintiff's federal claims.

10.     Defendants deny that venue is proper in the Eastern District of Texas.

C.  **Facts**

11.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 11.

12.     Defendants admit that TDCJ is the state agency responsible for incarcerating people who are sentenced to more than one year of imprisonment in the State of Texas.

13.     Defendants admit that the Texas Correctional Industries is a subdivision of TDCJ.

14.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 14.

15.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 15.

16.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 16.

17.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 17.

18.     Defendants admit that the metal fabrication plant at the Powledge Unit produces traffic signs.

19.     Defendants are without sufficient information or knowledge to be able to admit or deny that inmates are punished for refusing work assignments with the enumerated consequences in paragraph 19.

20.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 20.

21.     Defendants are without sufficient information or knowledge to be able to admit or deny that Texas Corrections Industries is a subsidiary of TDCJ's Manufacturing, Agribusiness and Logistics Division.

22.     Defendants admit that Bobby Lumpkin was the director of TDCJ's Manufacturing, Agribusiness and Logistics Division from 2013 through 2020.

23.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 23.

24.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 24.

25.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 25.

26.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 26.

27.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 27.

28.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 28.

29.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 29.

30.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 30.

31.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 31.

32.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 32.

33.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 33.

34.     Defendants are without sufficient information or knowledge to be able to admit or deny that TDCJ routinely received reports of safety hazards at the metal fabrication plant.

35.     Defendants are without sufficient information or knowledge to be able to admit or deny that TDCJ employees, including Bowman, Jaynes, Shumate, and others routinely inspected safety hazards at the metal fabrication plant or observed safety hazards at the metal fabrication plant.

36.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 36.

37.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 37.

38.     Defendants deny that Bowman specifically knew of any danger from the auger at the Powledge Unit.

39.     Defendants deny the narrative and argument in Paragraph 39.

40.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 40.

41.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 41.

42.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 42.

43.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 43.

44.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 44.

45.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 45.

46.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 46.

47.     Defendants are without sufficient information or knowledge to be able to admit or deny that Plaintiff was required to work with and around the auger machine most days he worked.

48.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 48.

49.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 49.

50.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 50.

51.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 51.

52.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 52.

53.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 53.

54.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 54.

55.     Defendants are without sufficient information or knowledge to be able to admit or deny that Plaintiff was quickly taken to outside hospitals.

56.     Defendants are without sufficient information or knowledge to be able to admit or deny that Plaintiff's leg was amputated below the knee by doctors on October 22, 2019.

57.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 57.

58.     Defendants are without sufficient information or knowledge to be able to admit or deny the narrative and argument in paragraph 58.

### D.  Causes of Action

59.     Defendants deny the statements and argument in paragraph 59.

60.     Defendants deny the statements and argument in paragraph 60.

61.     Defendants deny the statements and argument in paragraph 61.

62.     Defendants admit that Plaintiff purports to bring his claim against Defendants Lumpkin, Bowman, Minton, Cousins, Jaynes, Shumate, and Hastings in their individual capacities only pursuant to 42 U.S.C. § 1983.

### E.  Damages

63.     Defendants deny that Plaintiff is entitled to damages in the form of past and future medical expenses, past and future economic damages, including (but not limited to) loss of earning capacity, past and future physical pain and mental anguish, past and future impairment, past and future disfigurement, or attorney's fees under 42 U.S.C. § 1988. Defendants deny that Plaintiff is entitled to any of the relief requested in his complaint.

### DEFENDANTS' OTHER ANSWERS AND AFFIRMATIVE DEFENSES

64.     Defendants admit that TDCJ is a State of Texas agency.

65.     Defendants admit that they were employed by TDCJ and acting in their official capacities at all times relevant to Plaintiff's claims and are thus entitled to official immunity.

66.     Defendants deny that they acted separately or in concert with others to engage in illegal conduct to injure Plaintiff.

67.     Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983 but deny that such circumstances are present in this case.

68.     Defendants deny that Plaintiff was deprived of any right, privilege, or immunity

granted or secured by the Constitution and laws of the United States.

69.     Defendants deny that the conditions, services, and programs within the Powledge Unit violate the Constitution or the laws of the State of Texas or the United States.

70.     Defendants assert the affirmative defenses of contributory negligence and, in the alternative, comparative negligence of Plaintiff should they apply. Defendant also alleges that Plaintiff may have had the last clear chance to avoid the incident upon which his claims are based.

71.     Defendants assert the defense of new and intervening cause and asserts that the alleged incident described in Plaintiff's original complaint may have resulted from a new and intervening cause rather than from any reckless disregard alleged against Defendants. Alternatively, Defendants plead the affirmative defense of unavoidable accident in that the accident was not proximately caused by the acts of Defendants, should this defense apply.

72.     Defendants assert that any losses or damages sustained by Plaintiff may have been caused in whole or in part or contributed to by the negligence, fault or want of care of parties, conditions, persons or instrumentalities over whom Defendant had no control and for whose actions Defendant is not under the law responsible.

73.     Defendants invoke all limitations, defenses, and exclusions set forth in the Prison Litigation Reform Act and any other applicable statutes.

74.     Defendants assert that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

75.     Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

76.     Defendants assert that any claim premised upon the doctrine of respondeat superior will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

77.     Defendants assert that at all times relevant to the allegations against them, they acted

in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States and claim entitlement to qualified immunity from suit. Defendants did not violate clearly established law of which a reasonable public official would have known.

78.     Defendants assert that actions taken relative to Plaintiff, concerning any claim alleged in this lawsuit, were based on a good faith belief that such actions were taken in accordance with agency policy and applicable law.

79.     Defendants assert Eleventh Amendment immunity to all applicable claims.

80.     Defendants assert the defenses of res judicata, statute of limitations, laches, estoppel, waiver, and lack of jurisdiction to Plaintiff's claims in this lawsuit.

81.     Defendants assert that in the event there is any monetary award in Plaintiff's favor, Defendants are entitled to a reduction of the monetary award equal to the amount of Plaintiff's cost of incarceration pursuant to Texas Government Code Section 501.019.

82.     Defendants assert their rights to raise additional defenses that become apparent throughout the factual development of the case.

83.     Defendants deny that Plaintiff is entitled to damages or any other relief demanded in Plaintiff's Amended Complaint.

## JURY DEMAND

Should any of Plaintiff's claims proceed to trial, Defendants demand a trial by jury.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

9

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief, Law Enforcement Defense
Division

/s/ *Evan W. Weltge*
**EVAN W. WELTGE**
Assistant Attorney General
Texas State Bar No. 24110523
evan.weltge@oag.texas.gov

**CHRISTIN COBE VASQUEZ**
Assistant Attorney General
Texas State Bar No. 24074047
christin.vasquez@oag.texas.gov

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080 / (512) 370-9814 (fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, **EVAN W. WELTGE**, Assistant Attorney General of Texas, certify that a correct copy of

the foregoing **Defendants' Answer and Jury Demand in Response to Plaintiff's Amended**

**Complaint** has been served via electronic mail on October 22, 2021, addressed to:

Jeff Edwards
Edwards Law
1101 East 11th Street
Austin, TX 78702
jeff@edwards-law.com
**Counsel for Plaintiff**

/s/ *Evan W. Weltge*
**EVAN W. WELTGE**
Assistant Attorney General